THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RAYMOND D. ROE, JR., Appellant.

Third Department, March 24, 1988

APPEARANCES OF COUNSEL

*Steiman & Steinberg (David Steinberg* of counsel), for appellant.

*Gerald F. Mollen, District Attorney (Marjorie M. Lyons* and *Joann Rose Parry* of counsel), for respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

In the course of investigating a series of area burglaries, defendant acceded to the request of police officers to go with them to the City of Binghamton police station. There, after being read *Miranda* warnings, defendant admitted knowing two of the burglary suspects, indicated his willingness to be fingerprinted if asked, and signed a consent form for the search of his apartment, which followed. No incriminating evidence was discovered in that search, but as soon as the police departed, defendant, in the presence of his wife, telephoned an attorney, whose name he found in the phone book, to discuss whether the police could indeed obtain access to his fingerprints from his military records.

That very day, another suspect, Ronald Kacmarik, implicated defendant in two burglaries and undertook to secure evidence of defendant's complicity by wearing a police-installed eavesdropping device while in defendant's home, accompanied by a plain-clothes State Trooper, Susan Andrews. After eliciting incriminating statements from defendant, which were recorded, Kacmarik and Andrews left. Rather than procure an arrest warrant, the police decided to effect an arrest immediately. With that objective in mind, Andrews returned to defendant's door and on the pretext that Kacmarik had encountered car trouble a short distance from defendant's residence, lured defendant from his home to the street outside, where he was arrested.

En route to the police station, in the midst of receiving *Miranda* warnings, defendant announced he had an attorney, which halted all further conversation. At the station house defendant confirmed that he had an attorney but made no effort to reach him. Investigator James Carter and another investigator, who had been dispatched to interview defendant's wife, learned from her that defendant had contacted an attorney that afternoon regarding police access to military records, but noted that she was equivocal with respect to the attorney's name. Upon returning to the station house, Carter

relayed a message of solicitude to defendant from the latter's wife and also informed him that she did not know the attorney's name, to which defendant responded "I don't have an attorney". At the suppression hearing underlying this appeal, Carter, recounting his conversation with defendant, testified: "I said didn't you make a call earlier in the day to an attorney, 'yes, I did.' Mr. Roe answered that was to an attorney, relative to [his] military records, whether the police could obtain those and I said, 'you didn't talk to him about burglaries that you were involved in?' 'No.' I said, 'Do you wish to talk to me about those burglaries?' 'Yes, I do.' "

A senior investigator, who then took over the inquiry, separately verified that defendant had neither mentioned to the attorney the particular crime for which he was then undergoing investigation nor been advised by the attorney not to speak with police without first contacting him. Defendant again expressed a willingness to discuss his involvement in the subject burglaries and, after once more receiving *Miranda* warnings, signed a waiver of his rights, admitted committing two burglaries and signed a statement to that effect.

County Court denied defendant's motion to suppress the confession finding that although defendant's warrantless arrest was illegal under the analysis of *Payton v New York* (445 US 573), its taint was sufficiently attenuated to justify admission of the confession into evidence. The court further ruled that defendant's telephone call to an attorney prior to his arrest was made solely to secure information, not to retain counsel; that defendant had not invoked his right to counsel; and that he failed to prove he was represented by counsel when he waived that right.

Defendant pleaded guilty to one count of burglary in the first degree in satisfaction of charges lodged against him arising out of a burglary that occurred on August 3, 1985. At the trial on a second indictment, stemming from a burglary committed on August 27, 1985, defendant's attorney, pursuing a reasonable and competent strategy given the obvious strength of the People's proof, conceded his client's involvement in the crime but sought to disprove the use or threatened immediate use of a dangerous instrument, a wooden club, in mitigation of the first degree burglary and robbery counts of the indictment.

Convicted of those counts, as well as robbery in the second degree, defendant appeals. Two of defendant's contentions,

that his confession should have been suppressed as the fruit of an illegal arrest and that his right to counsel had indelibly attached before he waived it, are noteworthy and merit discussion. Defendant's remaining arguments either have not been preserved for review or, bearing in mind the overwhelming evidence of defendant's guilt, do not lend themselves to favorable interest of justice treatment or, like defendant's ineffective assistance of counsel claim, are totally lacking in merit.

■ Absent exigent circumstances or consent, a warrantless arrest inside the suspect's home is an unconstitutional seizure under the 4th Amendment of the US Constitution *(Payton v New York,* 445 US 573, 576, *supra).* However, the arrest here, although it followed from a calculated police ruse, was not, as County Court chose to characterize it, the "functional equivalent" of an arrest inside the home. There was no physical entry, no invasion of the privacy and sanctity of the home *(cf., Payton v New York, supra),* the chief evil against which the 4th Amendment is directed *(see, United States v United States Dist. Ct.,* 407 US 297, 313); the spectre of a search inside the home incident to an arrest was not raised; and most importantly, defendant was in no way compelled or coerced by police authority to forego the inviolability of his home *(cf., United States v Al-Azzawy,* 784 F2d 890, 893, *cert denied* 476 US 1144). As observed by one authoritative source, "a warrantless arrest is not rendered illegal by the fact that the police summoned the defendant to the door without revealing their intention to arrest him or by resort to noncoercive subterfuge" (1 LaFave and Israel, Criminal Procedure § 3.6, at 22 [1987 Supp]; *see also, People v Lippert,* — AD2d —, — [Mar. 3, 1988]). The primary consideration is whether defendant left his home voluntarily *(see, United States v Johnson,* 626 F2d 753, 755, *affd* 457 US 537). Here, the deception was not used to gain entry to the home—the principal area protected by the 4th Amendment—but to effect the arrest in a less invasive setting *(see generally, United States v Watson,* 423 US 411). This is not to say that deceit of every kind is unobjectionable. Clearly, if police had falsely informed defendant that there was a gas leak requiring his evacuation, his departure from his home would be no more voluntary than it would be had the police surrounded the premises and ordered him out with guns drawn and bullhorns blaring *(see,* 1 LaFave and Israel, Criminal Procedure § 3.10 [c], at 348-349). While we deem the arrest to have been legal, were it not, the confession would still be admissible for as County Court correctly concluded the

confession was so far removed, causally, from the purported illegality that any possible taint was sufficiently attenuated *(cf., Dunaway v New York,* 442 US 200, 216).

■ Nor are we any more amenable to defendant's assertion that his right to counsel had attached before he waived it and prior to his confession subsequently procured out of the presence of counsel. The right to counsel attaches indelibly upon a defendant's request for an attorney, at arraignment, upon the filing of an accusatory instrument *(People v Grimaldi,* 52 NY2d 611, 616), when there has been significant judicial activity *(People v Samuels,* 49 NY2d 218, 221) or when an attorney enters the case *(People v Arthur,* 22 NY2d 325, 329). And representation by counsel in an unrelated matter may trigger the right *(People v Kazmarick,* 52 NY2d 322, 329). But none of those factors exist. In our judgment, the circumstances at hand were such that the police reasonably relied on defendant's statements as to the status of his relationship with the attorney he had called, which proved to be true, namely, that he had sought only information and not representation from the attorney *(see, People v Lucarano,* 61 NY2d 138, 147). County Court's determination that defendant failed to establish that he was represented by counsel prior to the waiver was accordingly fully justified *(see, People v Rosa,* 65 NY2d 380, 386-387).

CASEY, J. P., HARVEY and MERCURE, JJ., concur.

Judgment affirmed.