■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR DAWSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered May 3, 1988, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The testimony of an accomplice established that on May 27, 1987, the defendant, along with other youths, broke into the complaining witness's home at approximately 9:00 A.M. and stole a stereo system and other items. The prosecution also presented evidence of the defendant's fingerprints recovered from a stereo cabinet and other objects located in her home. This evidence independently corroborated the accomplice's testimony and tended to connect the defendant to the crime *(see,* CPL 60.22 [1]; *People v Donovan,* 59 NY2d 834; *People v Volpe,* 116 AD2d 609).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that the court should have charged that the accomplice was an interested witness as a matter of law, as it had charged that the defendant occupied

that status, is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, any error was harmless as the accomplice charge contained much stronger language regarding the need to carefully assess the credibility of an accomplice *(People v Tabora,* 139 AD2d 540; *People v Ellis,* 150 AD2d 484).

The sentence imposed was appropriate under the circumstances of this case *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.