■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT STURGIS, Appellant.—Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress physical evidence seized from his car during the execution of a search warrant. Contrary to defendant's assertion, the warrant application satisfied the *Aguilar-Spinelli* test for probable cause *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108; *People v Hanlon,* 36 NY2d 549). The applicant's general statement that the informant's reliability had been demonstrated in the past together with police confirmation of information supplied by the informant established the reliability of the informant *(see, People v Rodriguez,* 52 NY2d 483, 489; *People v Backenstross,* 73 AD2d 796). In addition, the details supplied by the informant were explicit and extensive enough to warrant the inference that such information was based upon the informant's personal knowledge *(see, People v Rodriguez, supra,* at 493; *People v Elwell,* 50 NY2d 231, 241-242).

There is no merit to defendant's contention that the evi-

dence was legally insufficient to prove that defendant was in constructive possession of the heroin and other items found in the vehicle. According to Department of Motor Vehicles records, defendant was the title owner of the vehicle. Before the search, police observed defendant throw away what appeared to be the keys to the car. Numerous documents bearing defendant's name were found in the car, including an odometer statement indicating that defendant had purchased the car, a temporary license, and a telephone bill. That evidence was legally sufficient to show defendant's dominion and control over the vehicle (see, *People v Luper*, 144 AD2d 1009, *lv denied* 73 NY2d 788; *People v Diaz*, 41 AD2d 382, *affd* 34 NY2d 689). Also without merit is defendant's remaining contention that the verdict was contrary to the weight of evidence (see, *People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Monroe County Court, Maloy, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.