■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN BEICKERT, Appellant. [595 NYS2d 53] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Hurley, J.), rendered December 16, 1991, convicting her of burglary in the third degree (two counts) and grand larceny in the third degree (two counts), after a nonjury trial,

and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by her to law enforcement authorities.

Ordered that the judgment is affirmed.

Since the defendant was arrested outside her home, in a police vehicle while en route to the precinct, no *Payton* issue is presented *(see, People v Roe,* 73 NY2d 1004; *People v Rosario,* 186 AD2d 598; *cf., Payton v New York,* 445 US 573).

The testimony adduced at the suppression hearing supports the hearing court's determination that the detective properly advised the defendant of her *Miranda* rights directly from the standard card in the police vehicle en route to the precinct house *(see, People v Gonzalez,* 55 NY2d 720, *cert denied* 456 US 1010). Moreover, while we note that when a suspect exercises her right to remain silent, her decision must be "scrupulously honored" *(Miranda v Arizona,* 384 US 436, 473-474; *People v Kinnard,* 62 NY2d 910), the hearing testimony does not indicate that the defendant invoked her right to remain silent in this case.

The suppression court properly found that the defendant's right to counsel did not "indelibly" attach prior to her waiver of that right, as the hearing evidence did not indicate that an attorney representing the defendant had entered this criminal proceeding *(People v Bing,* 76 NY2d 331, 339; *People v Hobson,* 39 NY2d 479, 481). A suspect's right to counsel does not attach where he or she seeks only information and not representation from an attorney *(see, People v Roe,* 73 NY2d 1004, *supra).*

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Eiber and Pizzuto, JJ., concur.