■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS D. CLANCY, Appellant. [596 NYS2d 3] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered July 31, 1992, convicting defendant, after a jury trial, of assault in the first and second degrees, and sentencing him to concurrent, indeterminate terms of imprisonment of 5 to 10 years and 3½ to 7 years, respectively, unanimously affirmed. The matter is remitted to Supreme Court, New York County for further proceedings pursuant to CPL 460.50 (5).

Defendant's contention that the evidence does not support a conviction for assault in the first degree because the complainant's injuries were not adequately established is without merit. Whether the complainant's injury was caused by defendant was for the jury, which had the right to accept or reject, in whole or in part, the opinion of any expert *(People v Justice,* 173 AD2d 144, 146, citing *People v Wood,* 12 NY2d 69, 77). Thus, the jury was not bound to accept the opinion of defendant's expert.

Contrary to defendant's contention, the court did not abuse its discretion when, after inquiry, it accepted a juror's assurance that he could be impartial, notwithstanding a medical

condition of a nature which might make him sympathetic to the complainant. In light of the juror's assurance it cannot be said that he was "grossly unqualified" within the meaning of CPL 270.35 *(People v Buford,* 69 NY2d 290). Upon review of the record, we find no reason to disturb the jury's determination of credibility.

Also without merit is defendant's contention that both the cross-examination of his witnesses and the summation were improper. The mere staleness of a witness' prior conviction is not, alone, reason to preclude impeachment *(see, People v Sorge,* 301 NY 198, 200). The remainder of the cross-examination claimed to be prejudicial was proper because the record reveals that the prosecutor had a good faith basis for the questions *(People v Sealy,* 167 AD2d 362, 363, *lv denied* 77 NY2d 843). The portions of the summation objected to were either proper response to the defense summation or the object of the court's curative instructions, and do not warrant reversal.

We have considered defendant's remaining contentions and find them lacking in merit. Concur—Sullivan, J. P., Wallach, Kupferman and Rubin, JJ.