■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN D. McCANN, Appellant. [609 NYS2d 495] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's argument that the Trial Judge should have recused himself because he issued the search warrant while sitting as a Town Court Justice *(see, People v Barone,* 109 AD2d 1075, 1076-1077, *lv denied* 72 NY2d 856). Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal *(People v Moreno,* 70 NY2d 403, 405).

The court did not err in denying defendant's motion to suppress the evidence seized pursuant to the warrant. The statements made to police by the codefendant were, standing alone, sufficient to establish reasonable cause. The warrant application contained sufficient indicia of the codefendant's reliability, because the codefendant admitted to participation in some of the crimes and the information provided was against his penal interest *(see, People v Wheatman,* 29 NY2d 337, 345; *People v Sturgis,* 177 AD2d 991, *lv denied* 79 NY2d 953).

There is sufficient evidence corroborating the codefendant's testimony to support defendant's conviction. A yellow screwdriver found near the scene of the burglary was processed for fingerprints. One print was found to match the right middle finger of defendant. The money bags recovered near the scene of the burglary contained fibers that matched the fibers found in the knife sheath recovered at defendant's apartment. A fillet knife, identical to one taken during the burglary, was also found at defendant's apartment. That evidence is sufficient to tend to connect defendant to the crimes charged *(see,* CPL 60.22).

Although there was some confusion over the existence of a report prepared during the investigation, the record indicates that the report was not prepared by a witness but by two officers who were not called to testify. Thus, there was no *Rosario* violation *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765). Defendant's contention that the People failed to disclose exculpatory material in their possession in accordance with *Brady v Maryland* (373 US 83) is without merit. The only item that could be considered *Brady* material is a report that contained a reference to a prior charge against the codefendant. That report was provided to defense counsel before the jury was impanelled. Additional information that defense counsel uncovered on his own based on that report did not constitute *Brady* material. The court permitted defendant to cross-examine the codefendant with respect to that additional material. Thus, even if a *Brady* violation occurred, "defendant's constitutional right to a fair trial [was] not violated when, as here, [defendant was] given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case" *(People v Cortijo,* 70 NY2d 868, 870).

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Yates County Court, Falvey, J.—Burglary, 3rd Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Boehm, JJ.