■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CHRISTIAN, Appellant. [620 NYS2d 350] —Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered June 15, 1989, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 8⅓ to 25 years, unanimously affirmed.

The trial court properly exercised discretion in refusing to discharge a juror who became ill with symptoms of methadone withdrawal during jury deliberations after the alternate jurors had already been dismissed, the court having determined, after conducting three thorough inquiries of the juror and court and hospital personnel, in the presence and with the participation of defendant and the attorneys, that the juror would be able to render a fair and impartial verdict, and

therefore was not grossly unqualified within the meaning of CPL 270.35 *(see, People v Buford,* 69 NY2d 290, 299; *People v Rodriguez,* 71 NY2d 214, 218-219; *People v Clancy,* 191 AD2d 346, *lv denied* 81 NY2d 968, 1071). Defendant's analogy of the instant situation to that of a sleeping juror *(e.g., People v La Torres,* 186 AD2d 479, 480, *lv denied* 81 NY2d 842, 1015; *People v Adams,* 179 AD2d 764), based on the juror's concession that his illness made him unable to participate in jury deliberations for the hour and a half they had been in progress the morning he was questioned about his illness, is unpersuasive, since the juror did not become ill until after all the evidence and applicable instructions were presented, and moreover, was able to listen to the discussions in the jury room during his illness and stated that he would be able to render an impartial verdict.

Nor did the juror's admitted failure to admit his drug problem during voir dire and to the court officers after he became ill constitute "misconduct of a substantial nature" (CPL 270.35) likely to affect his deliberations and therefore requiring his discharge from the jury *(see, People v Rodriguez,* 71 NY2d, *supra,* at 219-220, explaining *People v Buford, supra; cf., People v Fox,* 172 AD2d 218, *lv denied* 78 NY2d 966). Concur—Sullivan, J. P., Rubin, Nardelli and Tom, JJ.