■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEJANDRO HENRIQUEZ, Appellant. [625 NYS2d 526] —Judgment, Supreme Court, Bronx County (Daniel Sullivan, J.), rendered September 21, 1992, convicting defendant, after a jury trial, of three counts of murder in the second degree, and sentencing him to three consecutive terms of 25 years to life, unanimously affirmed.

Defendant's motion to suppress statements allegedly taken after the attachment of his right to counsel was properly denied on the ground that a vague remark by an attorney representing defendant on an unrelated charge, made at a time when defendant was purportedly assisting in a missing person investigation, was insufficient to establish that the attorney had "entered" the instant case. If an attorney actually represents a defendant upon a matter under investigation, the attorney need only "identif[y] his professional interest in the new charge" (People v Garofolo, 46 NY2d 592, 600; see also, People v Weinman, 90 AD2d 220), and, "if the police are uncertain as to the scope of the attorney's representation, the defendant should not be questioned" (People v Marrero, 51 NY2d 56, 59). However, a defendant still has the burden of proving that counsel, in the first place, had actually entered

the matter about which he or she was questioned *(People v West,* 81 NY2d 370, 378-379; *People v Rosa,* 65 NY2d 380), a burden defendant has failed to sustain in this case *(cf., People v Hartley,* 65 NY2d 703). We note that defendant did not call the attorney at the hearing and also did not testify himself. In any event, any error in receiving the challenged statements, which were relatively unimportant and largely duplicative of unchallenged statements, and added little or nothing to the overwhelming evidence of guilt, was harmless beyond a reasonable doubt *(compare, People v Sanders,* 56 NY2d 51, 66, with *People v Schaeffer,* 56 NY2d 448).

The court properly denied defendant's motion to suppress statements to private citizens after correctly finding that they acted on their own initiative, with no instigation or direction by law enforcement personnel, and without seeking or obtaining any official reward, and thus did not act as police agents *(People v Cardona,* 41 NY2d 333, 335). The fact that the authorities provided encouragement and slight assistance, such as the loan of recording equipment, merely made these private citizens allies, but not agents, of law enforcement *(People v Dabney,* 75 AD2d 822, 823; *cf., People v Esposito,* 37 NY2d 156, 160). Moreover, the record supports the conclusion that these statements to civilians predated counsel's entry into the case, given the above-discussed evidence on that subject.

We find no error with respect to the retention of a juror who required treatment for methadone withdrawal during deliberations *(see, People v Christian,* 210 AD2d 140; *People v Leon,* 209 AD2d 342, 343, *lv denied* 84 NY2d 1034).

The Administrative Judge's ill-advised, but minuscule, participation in the trial, consisting of one brief, innocuous, and unprotested remark on the record, did not transform the proceedings into a two-Judge trial, and was insufficient to " 'affect the organization of the court or the mode of proceedings prescribed by law' " *(People v Ahmed,* 66 NY2d 307, 310).

We have reviewed defendant's remaining contentions and find them largely unpreserved and, in any event, without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.