■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SEALS, Appellant. [669 NYS2d 293] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered September 27, 1995, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first degree, and sentencing him to concurrent terms of 20 years to life and 8⅓ to 25 years, respectively, unanimously affirmed.

The evidence was legally sufficient to establish defendant's guilt of the crimes charged (*see, People v Contes*, 60 NY2d 620). The presence of defendant's fingerprint in the victim's apartment, considered along with the location of its recovery, from an item in the ransacked area from which property had been stolen, in addition to defendant's false denials regarding his acquaintanceship with the victim and with regard to his presence inside the victim's apartment, were sufficient to corroborate the testimony of the accomplice (CPL 60.22; *People v Moses*, 63 NY2d 299; *People v Dawson*, 160 AD2d 719, *lv denied* 76 NY2d 733). Upon our review of this record, we find that the verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations.

The fingerprint evidence was properly admitted since the People laid a foundation for its admission and established a chain of custody (*People v Julian*, 41 NY2d 340). Any discrepancy in the testimony of the police officers with respect to such evidence went to its weight, not to its admissibility (*People v Quinones*, 191 AD2d 398, *lv denied* 82 NY2d 758).

The court properly precluded defendant from introducing into evidence serological findings regarding a shirt and surrounding circumstances since such evidence failed to clearly connect someone other than defendant with the crimes (*see, People v Coleman*, 186 AD2d 509, *lv denied* 81 NY2d 787; *see also, People v O'Gara*, 239 AD2d 215, *lv denied* 90 NY2d 861). Concur—Milonas, J. P., Williams, Mazzarelli and Andrias, JJ.