THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVEN CAMERON, Appellant. [775 NYS2d 284]—

Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered March 28, 2000, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Defendant did not sustain his burden of establishing that when he made statements to the

police his right to counsel had attached by way of an attorney's alleged entry into the case (*see People v West*, 81 NY2d 370, 378-379 [1993]; *People v Rosa*, 65 NY2d 380 [1985]; *People v Henriquez*, 214 AD2d 485, 486 [1995], *lv denied* 86 NY2d 873 [1995]). The credible evidence established that a detective clarified the situation by ascertaining, directly from the attorney in question, that he did not represent defendant, notwithstanding the fact that defendant had sought information from this attorney (*see People v Roe*, 136 AD2d 140 [1988], *affd* 73 NY2d 1004 [1989]; *People v Beickert*, 191 AD2d 499, 500 [1993], *lv denied* 81 NY2d 967 [1993]; *compare People v Marrero*, 51 NY2d 56, 59 [1980]). We have considered and rejected defendant's remaining arguments concerning the suppression issue.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). Both the physical evidence and defendant's actions totally contradicted his self-defense claim.

There was nothing in the court's charge that could have conveyed to the jury that the court had an opinion on the merits of defendant's justification defense.

By failing to object, by making general objections, and by failing to request further relief after an objection was sustained, defendant did not preserve his present challenges to the People's summation and we decline to review them in the interest of justice. Were we to review these claims, we would find no ground for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Tom, J.P., Saxe, Williams, Friedman and Marlow, JJ.