THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANCIS S. HILTS, Respondent. [796 NYS2d 828]—

Appeal from an order of the Cayuga County Court (Mark H. Fandrich, J.), entered November 30, 2004. The order granted

that part of defendant's motion seeking to suppress defendant's statements made to the police.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, that part of the motion seeking to suppress statements made to the police is denied, and the matter is remitted to Cayuga County Court for further proceedings on the indictment.

Memorandum: In this prosecution for child sexual abuse, the People appeal from an order granting that part of defendant's omnibus motion seeking to suppress defendant's inculpatory statements made to the police on the ground that they were elicited in violation of the New York right to counsel. County Court erred in suppressing the statements. The People met their initial burden at the suppression hearing by "go[ing] forward to justify the police interrogation" (*People v Rosa*, 65 NY2d 380, 387 [1985]; *see People v Beekman*, 193 AD2d 842, 843 [1993], *lv denied* 82 NY2d 713 [1993]; *see generally People v Drumm*, 15 AD3d 910 [2005]; *People v Becker*, 154 AD2d 927 [1989], *lv denied* 75 NY2d 767 [1989]), and defendant failed to meet his ultimate burden by presenting evidence establishing that he was in fact represented by counsel at the time of inter-rogation, as defendant contended (*see People v Cameron*, 6 AD3d 273, 273-274 [2004], *lv denied* 3 NY3d 672 [2004]; *People v Lyons*, 4 AD3d 549, 551 [2004]; *People v Henriquez*, 214 AD2d 485, 485-486 [1995], *lv denied* 86 NY2d 873 [1995]; *see also Rosa*, 65 NY2d at 388; *Beekman*, 193 AD2d at 843). The inter-rogating officer testified that counsel acknowledged having been retained to represent defendant's son, who was also under investigation by police, and neither defendant nor counsel refuted that testimony (*see Henriquez*, 214 AD2d at 486). Thus, "[d]efendant did not sustain his burden of establishing that when he made statements to the police his right to counsel had attached by way of an attorney's alleged entry into the case" (*Cameron*, 6 AD3d at 273-274; *Henriquez*, 214 AD2d at 485-486; *see also People v De Mauro*, 48 NY2d 892).

The record of the suppression hearing does not support the alternative contention of defendant that he made an unequivo-cal request for the assistance of counsel during questioning (*see People v Roe*, 73 NY2d 1004, 1005 [1989]; *People v Cotton*, 277 AD2d 461, 462 [2000], *lv denied* 96 NY2d 757 [2001]; *see gener-ally People v Glover*, 87 NY2d 838, 839 [1995]). In any event, we note that defendant was not in custody when he allegedly claimed to a cooperating witness in the parking lot outside the police station that "I got an attorney" and "I hired one," and thus those alleged claims of defendant did not result in the in-

delible attachment of the right to counsel (*see People v Fridman*, 71 NY2d 845, 846 [1988]; *People v Holman*, 249 AD2d 947 [1998], *lv denied* 92 NY2d 899 [1998]; *see also People v Grice*, 100 NY2d 318, 320-324 [2003]; *Glover*, 87 NY2d at 839; *People v West*, 81 NY2d 370, 373-374 [1993]). Present—Martoche, J.P., Smith, Lawton and Hayes, JJ.