■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN TERRELL SEARLES, Appellant. [812 NYS2d 922]—Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered March 21, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, criminal possession of a weapon in the fourth degree, criminal possession of marihuana in the fifth degree and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him following a jury trial of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a weapon in the fourth degree (§ 265.01 [4]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see People v Shabazz*, 289 AD2d 1059, 1060 [2001], *cert denied* 537 US 1165 [2003], *affd* 99 NY2d 634 [2003], *rearg denied* 100 NY2d 556 [2003]; *People v Cox*, 21 AD3d 1361, 1363-1364 [2005], *lv denied* 6 NY3d 753 [2005]; *People v Crawford*, 299 AD2d 848, 849 [2002], *lv denied* 99 NY2d 581, 653 [2003]). In any event, the alleged "improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Gonzalez*, 206 AD2d 946, 947 [1994], *lv denied* 84 NY2d 867 [1994]; *see People v Johnson*, 303 AD2d 967, 968 [2003], *lv denied* 100 NY2d 583 [2003]; *People v Cohen*, 302 AD2d 904 [2003]). The sentence is not unduly harsh or severe. Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.