██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS W. STORY, Appellant. [891 NYS2d 581]—

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that the evidence is not legally sufficient to support the conviction because there was inadequate corroboration of the testimony of the accomplices. Defendant failed to preserve that contention for our review by failing to move for a trial order of dismissal on that ground (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit because the corroboration required by CPL 60.22 (1) was provided by evidence that defendant's fingerprints were found on both the interior and exterior of the stolen vehicle (*see People v Dawson*, 160 AD2d 719 [1990], *lv denied* 76 NY2d 733 [1990]; *see also People v McCann*, 202 AD2d 968 [1994], *affd* 85 NY2d 951 [1995]; *People v Seals*, 247 AD2d 349 [1998], *lv denied* 92 NY2d 860 [1998]). "Once the statutory minimum pursuant to CPL 60.22 (1) was met, it was for the jurors to decide whether the corroborating [evidence] satisfied them that the accomplices were telling the truth" (*People v Pierce*, 303 AD2d 966, 966 [2003], *lv denied* 100 NY2d 565 [2003]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to defendant's further contention, we conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct on summation (*see People v Searles*, 28 AD3d 1205 [2006], *lv denied* 7 NY3d 817 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.