# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

434

KA 10-01638

PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PHILLIP HOLLOWAY, DEFENDANT-APPELLANT.

---

ROBERT M. PUSATERI, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

PHILLIP HOLLOWAY, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered July 20, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant's contention that the evidence is legally insufficient to support the conviction on the grounds that the testimony of an alleged accomplice was both uncorroborated and incredible as a matter of law is not preserved for our review because defendant failed to move for a trial order of dismissal on either of those grounds (*see People v Sudler*, 75 AD3d 901, 904, *lv denied* 15 NY3d 956; *People v Story*, 68 AD3d 1737, 1738, *lv denied* 14 NY3d 844). Defendant also failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction on the ground that a second alleged accomplice was actually the shooter and that defendant did not act as his accomplice (*see generally People v Molson*, 89 AD3d 1539, 1539-1540), having failed to renew his motion for a trial order of dismissal on that ground after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, we reject those contentions (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's further contention that his statement to the police in which he admitted shooting the victim was not

corroborated. "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him [or her] without additional proof that the offense charged has been committed," but the corroborating proof need not establish that defendant committed the offense (CPL 60.50; *see People v Fulmore*, 91 AD2d 1184). Here, a witness testified concerning the facts and circumstances of the shooting, and the medical examiner testified that the victim's death was considered a homicide as the result of multiple gunshot wounds.

We further conclude that County Court properly refused to suppress his inculpatory statements to the police on the ground that they were elicited in violation of his right to counsel. "[D]efendant failed to meet his ultimate burden by presenting evidence establishing that he was in fact represented by counsel at the time of interrogation, as defendant contended" (*People v Hilts*, 19 AD3d 1178, 1179; *see People v Cameron*, 6 AD3d 273, 273-274, *lv denied* 3 NY3d 672). Contrary to defendant's contention, the court properly imposed consecutive sentences (*see People v Jones*, 66 AD3d 1442, 1443, *lv denied* 13 NY3d 939). The sentence is not unduly harsh or severe.

Defendant contends in his pro se supplemental brief that his right to counsel was violated when he made his inculpatory statements to the police because his indelible right to counsel had attached when the felony complaint in this matter was filed, before he made the statements (*see generally People v Samuels*, 49 NY2d 218, 221-223). Although that contention is reviewable on appeal even in the absence of preservation (*see id.* at 221), we are unable to review it because we are unable to discern from the record before us when, if ever, a felony complaint was filed (*see generally People v McLean*, 15 NY3d 117, 119). Defendant further contends in his pro se supplemental brief that he was denied the right to effective assistance of counsel based on defense counsel's failure to preserve for our review the issue concerning the alleged attachment of his right to counsel upon the filing of the felony complaint, and based on defense counsel's failure to object when the prosecutor allegedly violated the *Rosario* rule. Because that contention and the underlying contention concerning the violation of defendant's right to counsel based on the filing of the felony complaint involve matters outside the record on appeal, they are properly raised by way of a CPL article 440 motion (*see People v Johnson*, 88 AD3d 1293, 1294; *People v Ellis*, 73 AD3d 1433, 1434, *lv denied* 15 NY3d 851).

We have considered defendant's remaining contentions in his main and pro se supplemental briefs, and we conclude that they are without merit.

Entered:  July 6, 2012                                    Frances E. Cafarell
                                                         Clerk of the Court