THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATAVIA LOWERY, Appellant. [16 NYS3d 546]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered May 3, 2010, convicting defendant, after a jury trial, of murder in the second degree, three counts of grand larceny in the third degree, two counts of identity theft in the first degree, six counts of petit larceny, three counts of forgery in the second degree and six counts of grand larceny in the fourth degree, and sentencing her to an aggregate term of 27⅓ years to life, with restitution in the amount of $31,500, unanimously affirmed.

The court properly denied defendant's motion to suppress statements. There is no basis for disturbing the court's credibility determinations. The evidence did not support defendant's assertion that when she made statements, an attorney had entered the case, thereby causing the attachment of defendant's right to counsel (*see People v West*, 81 NY2d 370, 378-379 [1993]; *People v Rosa*, 65 NY2d 380 [1985]; *People v Henriquez*, 214 AD2d 485, 486 [1st Dept 1995], *lv denied* 86 NY2d 873 [1995]; *see also People v Grice*, 100 NY2d 318, 323-

324 [2003]). On the contrary, the evidence established that defendant unambiguously rejected her stepfather's efforts to provide her with legal representation.

The court properly exercised its discretion denying defendant's midtrial request to retain new counsel, as she made no showing of compelling circumstances to justify such a request (*see e.g. People v Hansen*, 37 AD3d 318 [1st Dept 2007]). Defendant's complaints about her team of attorneys essentially amounted to differences over strategy. Furthermore, the request was made after the trial had already proceeded for several weeks and numerous witnesses had testified. The court was appropriately skeptical of the proposed substitute attorney's prediction that he could be ready to take over this complex trial after only a few days of delay. Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.