People v Armstead (2018 NY Slip Op 04946)





People v Armstead


2018 NY Slip Op 04946


Decided on July 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2018

Sweeny, J.P., Webber, Kern, Oing, JJ.


2635/08 7030 7029

[*1]The People of the State of New York, Respondent,
v
Jamal Armstead, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Naomi J. Scotten of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karen Schlossberg of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at suppression hearing; A. Kirke Bartley, Jr., J. at jury trial and sentencing), rendered December 12, 2012, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him to a term of 15 years; and judgment, same court (Ronald A. Zweibel, J.), rendered March 19, 2015, convicting defendant, upon his plea of guilty, of attempted murder in the second degree, and sentencing him to a concurrent term of 15 years, unanimously affirmed.
The court correctly denied defendant's motion to suppress statements and lineup identifications. There is no basis for disturbing the court's credibility determinations, including its resolution of any alleged discrepancy between police testimony and paperwork.
At the time of the arrest at issue, defendant was represented on an unrelated case by an attorney from Neighborhood Defender Service, who attempted to enter the case on defendant's behalf, at defendant's mother's request, by contacting the police. The attorney's supervisor subsequently attempted to enter the case as well. However, after being apprised by the detectives of each of these attempts, in both instances defendant unequivocally declined to be represented by these attorneys. The suppression court correctly noted that the right to counsel is personal in that "[t]he decision to retain counsel rests with the client . . . not the lawyer" (People v Bing, 76 NY2d 331, 349 [1990]).
"[T]he evidence established that defendant unambiguously rejected [his mother's and the attorneys'] efforts to provide [him] with legal representation" (People v Lowery, 131 AD3d 884, 885 [1st Dept 2015], lv denied 26 NY3d 1090 [2015]). Accordingly, no attorney-client relationship existed, and the suppression court correctly concluded that defendant's right to counsel had not indelibly attached when he made statements to the detectives and when he was placed in a lineup (see People v Allenye, 66 AD3d 1039 [2d Dept 2009], lv denied 14 NY3d 797 [2010]; People v Lennon, 243 AD2d 495, 497 [2d Dept 1997], appeal dismissed 91 NY2d 942 [1998]; see also People v Grice, 100 NY2d 318, 323-324 [2003]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 3, 2018
CLERK