■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SALVATORE, Also Known as ALLAN SEGAR, Appellant.— Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered October 27, 1989, convicting him of burglary in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove either that the laboratory in question was a separate unit or that he was aware that he had no permission to enter or remain there (see, Penal Law § 140.00 [2]). We disagree. The door to the laboratory bore a clear sign which read "Restricted Area Authorized Personnel Only". On being challenged by a technician, the defendant falsely responded that he was a security guard who was checking out the area. He was also later observed entering a women's locker room and in possession of a woman's pocketbook, some of the contents of which were strewn around him. When a security guard attempted to apprehend the defendant, he ran into the bathroom of the locker room and locked himself in. He opened the door only after the security guard pounded on the door and demanded that he come out. The trial court evidently disbelieved the defendant's explanation that he was under the influence of drugs, became confused, wandered into the laboratory area searching for an exit and, while wandering, decided to steal the contents of the pocketbook. The defendant's entire range of reactions showed that he was unequivocally aware that he had not "obtained the consent of the owner or another whose relationship to the premises [gave] him authority to issue such consent" (People v Graves, 76 NY2d 16, 20; see also, Penal Law § 140.00 [5]; § 140.20). Moreover, the unequivocal sign on the door to the laboratory clearly designated the laboratory as a separate unit which, unlike the hospital to which it was attached, was inaccessible to the public without prior consent. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.