■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARK REEVES, Respondent. [600 NYS2d 587] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Chautauqua County Court for further proceedings on the indictment. Memorandum: The People appeal from an order that dismissed the indictment on the ground that the evidence before the Grand Jury was legally insufficient. The People contend that the evidence presented was legally sufficient to establish burglary in the third degree and grand larceny in the third degree. We agree.

The standard for reviewing the sufficiency of the evidence before a Grand Jury is whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction *(see, People v Pelchat,* 62 NY2d 97, 105). The People's proof established that defendant was ordered out of the building, and that he subsequently returned and entered the building without permission. It further established that he was prohibited from entering the rankings office within the building, which was not open to the public, and that he stole items from that area. That evidence, viewed in the light most favorable to the People, was sufficient to support the Grand Jury's indictment of defendant for burglary in the third degree *(see, e.g., People v Lloyd,* 180 AD2d 527, *lv denied* 79 NY2d 1003; *People v Salvatore,* 178 AD2d 566; *People v James,* 138 AD2d 745, *lv denied* 72 NY2d 861).

The evidence presented was also sufficient to charge defendant with grand larceny in the third degree. The victim testified that the value of the property stolen from the premises was in excess of $50,000. He valued a MacIntosh computer at $3,000, a large screen monitor at $1,000, and the cost of replacing the stolen software program for the business and magazine at over $40,000. The victim also testified that the software programs were developed specifically for the magazine and that individuals were hired to create those programs. Given those circumstances, the victim provided an adequate

basis of knowledge for his statement of the value of the property from which the Grand Jury could reasonably infer that the property was worth over $3,000 *(see generally, People v Lopez,* 79 NY2d 402, 404-405; *People v Stein,* 172 AD2d 1060, *lv denied* 78 NY2d 975). (Appeal from Order of Chautauqua County Court, Adams, J.—Dismiss Indictment.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.