■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIEF MCNEELY, Appellant. [636 NYS2d 638] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered December 16, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant challenges the trial court's failure to instruct the jury on the affirmative defense to felony murder found in Penal Law § 125.25 (3), the court's felony murder charge, and the admission into evidence of certain portions of the defendant's statements to law enforcement authorities. The defendant has failed to preserve these claims for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, they are without merit.

Viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the evidence that would have permitted the jury to find that the affirmative defense was established by a preponderance of the evidence (*see, People v Diaz,* 177 AD2d 500). In addition, the court's felony murder charge, when read in its entirety, was proper (*see, People v Coleman,* 70 NY2d 817).

We find that the admission into evidence of the defendant's statements in their entirety was proper. Although certain portions of the defendant's statements were not probative of the crimes with which the defendant was charged, they were properly admitted into evidence since they were inextricably interwoven with the admissible parts of the statements (*see, People v Ely,* 68 NY2d 520, 529; *People v Crandall,* 67 NY2d 111) and necessary to provide a complete and coherent picture of the events in question (*see, People v Lemma,* 201 AD2d 669).

The defendant's sentence is not excessive (*see, People v Suitte,*

90 AD2d 80). Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.