■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MARTIN, Appellant. [690 NYS2d 125] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered April 1, 1997, convicting him of kidnapping in the second degree, unlawful imprisonment in the first degree, robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly permitted the prosecutor the opportunity to question him as to whether he previously had been convicted of a felony. Where a defendant's prior criminal conduct indicates a disposition to place his interests above those of society, it is considered probative with respect to the issue of credibility (*People v Sandoval,* 34 NY2d 371, 377).

The defendant's contention that the court erred in allowing a detective to testify that he arrested the defendant after a conversation with a codefendant who did not testify at trial is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Williams,* 222 AD2d 721; *People v Valverde,* 216 AD2d 339; *People v Anthony,* 179 AD2d 765; *People v Caldwell,* 147 AD2d 581; *People v Cummings,* 109 AD2d 748). In any event, any error was harmless in view of the overwhelming evidence of the defendant's guilt, including the strong identification testimony of the victim (*see, People v Crimmins,* 36 NY2d 230; *People v Williams, supra*; *People v Valverde, supra*; *People v Anthony, supra*).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.