■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE FREEMAN, Appellant. [833 NYS2d 777]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 22, 2005. The judgment, upon a jury verdict, convicted defendant of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20). We reject the contention of defendant that he was sentenced as a persistent felony offender in violation of the ruling in Apprendi v New Jersey (530 US 466 [2000]) and its progeny (see People v West, 12 AD3d 152 [2004], affd 5 NY3d 740 [2005], cert denied 546 US 987 [2005]; People v Rivera, 5 NY3d 61, 66-68 [2005], cert denied 546 US 984 [2005]; People v Nelson, 16 AD3d 1172 [2005], lv denied 5 NY3d 766 [2005], cert denied 546 US 1043 [2005]). Supreme Court properly denied that part of defendant's omnibus motion seeking dismissal of the indictment pursuant to CPL 30.30. "[A] statement of readiness made contemporaneously with the filing of the indictment can be effective to stop the 'speedy trial' clock if the indictment is filed at least two days before the CPL 30.30 period ends" (People v Carter, 91 NY2d 795, 798 [1998]). Here, the indictment was so filed, and the prosecutor thereafter promptly notified defense counsel of the statement of readiness (see People v Smith, 1 AD3d 955, 956 [2003], lv denied 1 NY3d 634 [2004]; see generally People v Kendzia, 64 NY2d 331, 337 n [1985]; People v Anderson, 252 AD2d 399 [1998], lv denied 92 NY2d 1027 [1998]). The evi-

dence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (*see People v Salvatore*, 178 AD2d 566, 567 [1991]; *see also People v Reeves*, 195 AD2d 950 [1993]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Because the conviction is supported by legally sufficient evidence at trial, the contention of defendant in his pro se supplemental brief that the court erred in denying that part of his omnibus motion seeking dismissal of the indictment based upon the alleged insufficiency of the evidence before the grand jury is not reviewable on appeal (*see* CPL 210.30 [6]; *People v Smith*, 4 NY3d 806, 808 [2005]; *People v Trammell*, 19 AD3d 1157, 1158 [2005]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ.