■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. McKINNEY, Appellant. [847 NYS2d 228]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered May 21, 2001, convicting him of burglary in the second degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt, beyond a reasonable doubt, of the crimes of burglary in the second degree and robbery in the second degree. Further, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). "A license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public" (Penal Law 140.00 [5]). Here, the weight of the evidence supports the jury's determination that the defendant went to a non-public area of a doctor's office and entered a room used as an employee lounge and kitchen, marked "Employees Only," with the intent of stealing any valuable items he found there, and that he stole a purse from a pocketbook that had been left there (*see People v Salvatore*, 178 AD2d 566 [1991]; *People v Bopp*, 151 AD2d 590 [1989]). Further, the weight of the evidence supports the jury's determination that the defendant pushed a glass door into a pursuing employee, knocking her to the ground and injuring her back, for the purpose of preventing or overcoming resistance to his retention of the purse (*see People v Brandley*, 254 AD2d 185 [1998]; *People v Brown*, 243 AD2d 363 [1997]). Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be afforded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

In his supplemental pro se brief, the defendant argues that he was denied the opportunity to appear before the grand jury and testify in his own behalf in violation of his rights under the Sixth Amendment of the United States Constitution and CPL

190.50 (5) (a). However, this argument is based upon matter dehors the record, and cannot be reviewed on direct appeal (*see People v Coleman*, 37 AD3d 489, 490 [2007], *lv denied* 9 NY3d 864 [2007]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Miller, J.P., Ritter, Florio and Dillon, JJ., concur.