THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RIVERA, Appellant. [855 NYS2d 502]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered November 17, 2004, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree and three counts of criminal possession of a controlled substance in the seventh degree, and sentencing him as a second felony offender, to an aggregate term of 4 to 8 years, unanimously affirmed.

The hearing testimony revealed the following facts: at approximately 9:00 P.M. in the vicinity of West 24th Street in Manhattan, an undercover police team consisting of four officers in an unmarked vehicle observed defendant driving a blue Chevrolet Lumina with a clear windshield and tinted side and rear windows. The team followed defendant's car after one of the officers recognized it from a previous narcotics surveillance operation. The officers confirmed via their vehicle's computer that defendant's vehicle was registered to an address that the officer recalled from the prior narcotics operation.

Defendant parked his vehicle in a vacant lot and the officers observed him make a series of calls on his cell phone. He then drove to a residential high rise building at 525 West 25th Street. One officer with experience in narcotics cases got out of the police vehicle and positioned himself facing defendant so that he could see into defendant's vehicle, which had its interior lights on. Approximately 10 to 15 minutes later, a woman came out of a building, walked over to defendant, got into his vehicle and gave him money in exchange for a "small object," leaving the vehicle approximately 30 seconds later and reentering her building. The officer making these observations continued to watch defendant for a minute or so and then radioed the other officers, who drove up alongside defendant's car and arrested him.

A cell phone, $429 in currency and a spiral notebook containing addresses, phone numbers and monetary figures were recovered from defendant's person. Drugs were found inside the car, in plain view, in a small compartment next to the steering wheel.

On appeal, defendant argued that the trial court had erroneously denied his motion to suppress physical evidence without a hearing, as well as claiming that his sentence was excessive. We held the appeal in abeyance and remanded the matter for a hearing on his motion to suppress physical evidence (42 AD3d 160 [2007]). After the hearing on July 26, 2007, the court denied the motion. The parties have submitted supplemental briefs concerning the propriety of that determination.

The hearing court credited the police officer's testimony, noting that the arresting officers were experienced police who had made numerous narcotics arrests. The court also noted that defendant's vehicle had been used as a "drug courier car" approximately one time prior to this incident. Based on the totality of the circumstances, including the observations of the exchange between defendant and the woman in defendant's vehicle, the court determined there was probable cause for defendant's arrest and denied his motion to suppress the physical evidence seized by the police. We agree.

To sustain a finding of probable cause to arrest, the evidence must show that the police possessed information that would lead a reasonable person to conclude it was more probable than not that a crime had been committed, and, that the person being arrested was the perpetrator (*People v Radoncic*, 239 AD2d 176, 179 [1997], *lv denied* 90 NY2d 897 [1997]). Although the arresting officers here were assigned at that time to the anticrime unit, two of them were highly experienced narcotics officers, with between 250 to 300 and 300 to 400 narcotics ar-

rests respectively. In fact, one of them recognized defendant's vehicle as having been involved in a prior narcotics investigation, which was confirmed by a computer search. Based upon all the facts and circumstances of this case, there was ample probable cause for defendant's arrest (see People v Bigelow, 66 NY2d 417, 423 [1985]).

Nor do we find reason to disturb defendant's sentence. Given defendant's NYSID report which was before the sentencing court and showed an extensive criminal history, including convictions for drug possession, it cannot be said that the sentence was excessive. Nor is there any merit to defendant's claim that his sentence reflects punishment for going to trial. The fact that the court imposed a higher sentence after trial than that previously offered as part of a plea bargain, does not warrant a reduction in the sentence (see People v Diaz, 177 AD2d 406 [1991], affd 80 NY2d 780 [1992]) absent evidence that the court relied on improper factors.

We have considered and rejected defendant's remaining arguments. Concur—Mazzarelli, J.P., Andrias, Buckley and Sweeny, JJ.