■ The People of the State of New York, Respondent, v Taiquan Williams, Appellant. [874 NYS2d 529]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 12, 2007, convicting him of murder in the second degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court erred in allowing a detective to testify that he arrested the defendant after interviews with two potential suspects who did not testify at trial is unpreserved for appellate review (*see* CPL 470.05 [2];

*People v Martin*, 261 AD2d 488 [1999]; *People v Elliott*, 256 AD2d 418 [1998]; *People v White*, 210 AD2d 271 [1994]; *People v Cummings*, 109 AD2d 748, 749-750 [1985]). In any event, any error was harmless, as there was overwhelming evidence of the defendant's guilt, which included both a written and a video-taped confession, and no significant probability that the alleged error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Ruis*, 11 AD3d 714 [2004]; *People v Latta*, 295 AD2d 449 [2002]; *People v Elliott*, 256 AD2d 418 [1998]).

The defendant's contentions that the court erred in admitting certain testimony by the decedent's wife and the medical examiner are unpreserved for appellate review. In any event, any error in admitting such testimony was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his conviction (*see generally People v Johnson*, 57 NY2d 969, 970 [1982]; *People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Nunez*, 55 AD3d 756 [2008]).

The defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Contrary to the defendant's contention, the court did not err in refusing to charge the jury as to the affirmative defense to felony murder (*see* Penal Law § 125.25 [3]; *People v Lawrence*, 1 AD3d 625 [2003]; *People v McNeely*, 222 AD2d 611 [1995]; *People v Diaz*, 177 AD2d 500 [1991]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Fisher, J.P., Florio, Dickerson and Belen, JJ., concur.