■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON CLARKE, Appellant. [887 NYS2d 586]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brennan, J.), rendered September 27, 2005, convicting him of robbery in the first degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction for burglary in the second degree is unpreserved for appellate review because he failed to move for a trial order of dismissal (*see* CPL 290.10, 470.05 [2];

*People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Howard*, 50 AD3d 823 [2008]; *People v Dowling*, 28 AD3d 788 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt (*see People v McKinney*, 46 AD3d 705 [2007]; *People v Bopp*, 151 AD2d 590 [1989]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Furthermore, the defendant's contention that the court erred in allowing a detective to testify that he arrested the defendant after a conversation with an accomplice who did not testify at trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Reynolds*, 46 AD3d 845 [2007]; *People v Martin*, 261 AD2d 488 [1999]; *People v Cummings*, 109 AD2d 748 [1985]). In any event, any error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Williams*, 60 AD3d 709 [2009]; *People v Mack*, 14 AD3d 517 [2005]; *People v Latta*, 295 AD2d 449 [2002]; *People v Elliott*, 256 AD2d 418 [1998]).

The defendant's challenges to remarks made by the prosecutor during summation are unpreserved for appellate review because the defendant either failed to object to the remarks or made only general objections, and did not request further curative instructions or move for a mistrial after the court sustained an objection and issued a curative instruction (*see* CPL 470.05 [2]; *People v Boyce*, 54 AD3d 1052 [2008]; *People v Bermudez*, 36 AD3d 928 [2007]; *People v Robinson*, 281 AD2d 564 [2001]). In any event, the challenged remarks either were responsive to defense counsel's summation (*see People v Rhodes*, 11 AD3d 487 [2004]), constituted fair comment on the evidence (*see People v Arnold*, 60 AD3d 960 [2009]), or were harmless error (*see People v Crimmins*, 36 NY2d 230 [1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Rivera, J.P., Miller, Balkin and Austin, JJ., concur.