■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL MCCLARY, Appellant. [902 NYS2d 424]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered July 22, 2008, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, in both his main brief and his supplemental pro se brief, that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt, and that the verdict was against the weight of the evidence. The defendant's contentions are without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. Upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the testimony of the undercover detective was not incredible or unreliable. The detective had 10 years of experience on the police force and participated in hundreds of so-called "buy and bust" and observation operations. He testified unequivocally as to his observations of the defendant's actions, the buyer's actions, and a ziplock bag containing what he believed to be crack cocaine. He remained consistent and steadfast regarding his observations notwithstanding vigorous cross-examination (see People v Glenn, 53 AD3d 622 [2008]).

The sentence imposed was not excessive (see People v Rivera, 50 AD3d 458 [2008]; People v Nichols, 277 AD2d 715 [2000]).

The defendant's remaining contentions in his supplemental pro se brief cannot be reviewed on direct appeal, as they are based on matter dehors the record (see People v McKinney, 46 AD3d 705 [2007]; People v Hayes, 44 AD3d 683 [2007]; People v Palmer, 29 AD3d 606 [2006]). Skelos, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.