■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO ROSARIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered February 8, 1990, convicting him of murder in the second degree and robbery in the first degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to the police.

Ordered that the judgment is affirmed.

On the afternoon of February 14, 1988, the defendant and two accomplices entered a Brooklyn paper products store and, brandishing a shotgun, stole jewelry from employees and customers, took money from the cash register and safe, and shot one man to death on their way out. A third accomplice, who had waited outside the store in a Toyota, made a statement implicating the others. When arrested, the defendant made oral and videotaped statements admitting his participation in the crime. On appeal, the defendant claims that his statements should have been suppressed because the police violated the rule of *Payton v New York* (445 US 573) in arresting him without a warrant.

Since the defendant's arrest was effected outside of his home, in a police car en route to the precinct, no *Payton* issue is presented *(see United States v Watson,* 423 US 411; *People v Marzan,* 161 AD2d 416; *People v Keller,* 148 AD2d 958; *People v Roe,* 136 AD2d 140, *affd* 73 NY2d 1004).

Contrary to the defendant's further contention, the ruse employed by the detectives to get the defendant outside his home did not render the arrest unlawful. The detectives told the defendant that they were from the Auto Crimes Unit and that they wished to speak to him about the Toyota. The defendant voluntarily left his apartment and accompanied them to the precinct. Because the deception was not "so fundamentally unfair as to deny due process" *(People v Tarsia,* 50 NY2d 1, 11), the hearing court properly denied suppression

of the defendant's statements on that ground *(see, People v Entzminger,* 163 AD2d 138; *People v Roe, supra).*

The defendant now contends that the trial evidence established the affirmative defense of duress as a matter of law. However, notwithstanding the defendant's statement to the contrary, the trial evidence showed that the defendant fully, actively, and voluntarily participated in the robbery and was not "coerced to do so by the use or threatened imminent use of unlawful physical force upon him or a third person, which force or threatened force a person of reasonable firmness in his situation would have been unable to resist" (Penal Law § 40.00 [1]).

Nor was it error for the court to permit one of the complainants to testify at the trial that he previously identified the defendant at the suppression hearing. Under CPL 60.30, a witness's testimony as to identifications he or she made at prior court proceedings are admissible notwithstanding their bolstering effect on the witness's testimony *(see, People v White,* 73 NY2d 468, *cert denied* 493 US 859; *People v Saunders,* 166 AD2d 546; *People v Magazine,* 106 AD2d 473). Therefore, even had the defendant preserved this claim for appellate review *(see,* CPL 470.05 [2]), it would not require reversal of his conviction.

The defendant's remaining contentions are unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.