■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOPE KELLY, Appellant. [607 NYS2d 240] —Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered January 31, 1992, convicting defendant, upon her plea of guilty, of two counts of kidnapping in the second degree, and sentencing her to consecutive terms of 7 to 21 years and 4 to 12 years, unanimously affirmed.

The record does not support defendant's claim that the People failed to comply with the notice requirements of CPL 710.30. If a copy of defendant's written statement was not attached to the voluntary disclosure form served at arraignment, it was incumbent on defendant to bring that fact to the People's attention *(People v Manzi,* 162 AD2d 955, *lv denied* 76 NY2d 894). Moreover, a second copy of defendant's alleged statement was received months before the suppression hearing, and thus no prejudice has been shown. As notice of the oral and written statements was properly given, the notice requirement was met as to the videotaped statement as well, which the motion court found, as a matter of fact, was substantially identical *(People v Cooper,* 78 NY2d 476, 484;

*People v Gilman,* 194 AD2d 737, *lv denied* 82 NY2d 718). There is no merit to defendant's argument that the People failed to establish that her statements were given voluntarily and knowingly. And, since defendant did not join in the codefendant's request that the People be compelled to produce additional witnesses at the hearing, the argument now raised that additional witnesses should have been called is unpreserved. In any event, the witnesses would not have had any information relating to this particular defendant. Concur—Murphy, P. J., Sullivan, Rosenberger and Wallach, JJ.