■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MARQUEZ, Appellant. [754 NYS2d 890] —Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered March 13, 2001, convicting him of manslaughter in the first degree and criminal possession of

a weapon in the third degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing (Lange, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

On a motion to suppress eyewitness identification testimony, once the People have met their initial burden of going forward to establish the reasonableness of the police conduct and the lack of suggestiveness of pretrial identification procedures, as in the instant case, the defense bears the burden to establish that a pretrial identification procedure was unduly suggestive (*see People v Jackson*, 108 AD2d 757, 757-758). Under the circumstances of this case, we find no reason to disturb the hearing court's determination that the photographic arrays shown to the eyewitnesses were not unduly suggestive.

Contrary to the defendant's contention, the police entered the defendant's home only after obtaining permission from his parents, who clearly possessed the authority to consent to their entry (*see People v Adams*, 53 NY2d 1, 8, *cert denied* 454 US 854; *People v Nasario*, 258 AD2d 599). The ruse employed by the police to acquire the consent to enter the home and to persuade the defendant to voluntarily accompany them to the police station was not so fundamentally unfair as to constitute a denial of due process (*see People v Tarsia*, 50 NY2d 1, 11; *People v Rosario*, 186 AD2d 598). There is also no merit to the defendant's contention that his statements made at the police station were involuntary or that the police did not have probable causes to arrest him. He was advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436) and voluntarily waived those rights prior to making his statements (*see People v Padilla*, 133 AD2d 353, 354).

The defendant's claim of ineffective assistance of counsel involves, in part, matters which are dehors the record and not properly presented on direct appeal (*see People v Boyd*, 244 AD2d 497). The record otherwise fails to support the defendant's claim since it demonstrates that trial counsel rendered meaningful representation to him at all stages of the proceedings (*see People v Ellis*, 81 NY2d 854, 856; *People v Baldi*, 54 NY2d 137, 147).

The defendant's contention that the evidence was legally insufficient is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620), we find that it was legally sufficient to

establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80). Ritter, J.P., Altman, S. Miller and Townes, JJ., concur.