■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BAYER, Appellant. [755 NYS2d 295] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullin, J.), rendered December 18, 2001, convicting him of sodomy in the first degree (two counts), sodomy in the second degree, sodomy in the third degree, sexual abuse in the first degree (two counts), sexual abuse in the second degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ohlig, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's arguments regarding alleged prosecutorial misconduct do not warrant reversal. The prosecutor's summation comments regarding the defendant's statements to the police and the evidence supporting the charges relating to the 1995 incident were either fair comment on the evidence (*see People v Ashwal,* 39 NY2d 105 [1976]) or responsive to arguments presented in the defense counsel's summation (*see People v Galloway,* 54 NY2d 396 [1981]). With regard to those prosecutorial comments that were, however, improper, the trial court's immediate admonitions and curative instructions, along with the trial court's general instructions at the beginning of the trial and at the conclusion of the trial, served to eliminate any possibility of prejudice to the defendant (*see People v Ramos,* 205 AD2d 404 [1994]; *People v Perez,* 132 AD2d 579 [1987]).

Additionally, the evidence supports the hearing court's determination that the defendant was adequately apprised of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) and that he knowingly, intelligently, and voluntarily waived those rights. Accordingly, the statements he made after he had been administered his *Miranda* warnings were admissible (*see People v Miller,* 268 AD2d 600 [2000]).

The defendant's remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.