■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN MANOLIS, Appellant. [841 NYS2d 353]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered June 22, 2004, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that his post-arrest statements to law enforcement officials should have been suppressed on the ground that he was lured into leaving his residence to enable the police to arrest him without an arrest warrant, in violation of *Payton v New York* (445 US 573 [1980]). This contention is without merit. The police may use noncoercive means to lure a defendant outside his home to enable them to effect an arrest without a warrant (*see People v Amador*, 11 AD3d 473 [2004]; *People v Hines*, 9 AD3d 507 [2004]; *People v Williams*, 222 AD2d 721 [1995]). Under the circumstances, the police conduct in the instant case was not coercive.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination

should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The defendant's remaining contentions are without merit or do not warrant reversal (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Bayer*, 302 AD2d 602, 603 [2003]; *People v Bennett*, 298 AD2d 964, 965 [2002]). Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur.