THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY ORTIZ, Appellant. [873 NYS2d 618]—

Judgment, Supreme Court, Bronx County (John S. Moore, J., at hearing; Robert G. Seewald, J., at jury trial and sentence), rendered April 4, 2005, convicting defendant of manslaughter in the second degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

The court properly denied defendant's suppression motion.

There is no basis for disturbing the court's credibility determinations (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Defendant asserts that his statements to a detective, and subsequently to an Assistant District Attorney, were products of a series of alleged Fourth Amendment violations. He claims that, without probable cause or a warrant, the police unlawfully entered his apartment, took him into custody, and detained him at a police station for an extended period of time. However, the record supports the hearing court's findings that, by means of a permissible ruse regarding their reason for wanting to speak to defendant (*see People v Williams*, 222 AD2d 721, 721 [1995], *lv denied* 87 NY2d 978 [1996]), the police obtained defendant's grandfather's permission to enter the apartment and defendant's own agreement to accompany the officers to the precinct, where defendant remained voluntarily and was not detained until after he confessed. Even assuming defendant's grandfather ultimately revoked his consent to the police presence in the apartment, the police had already encountered defendant and obtained his agreement to depart with them. At the precinct, defendant remained unrestrained in an office-like interview room. The hearing court correctly determined that defendant was not in custody until after he confessed (*see People v Morales*, 42 NY2d 129, 137-138 [1977], *cert denied* 434 US 1018 [1978]). Regardless of their subjective intent, the police never conveyed to defendant that he was in custody, or that he was at the precinct for any reason other than to wait to be interviewed about an automobile accident. Given the totality of the circumstances, a reasonable innocent person in defendant's position would not have thought he had been seized by the police (*see People v Centano*, 76 NY2d 837 [1990]; *People v Yukl*, 25 NY2d 585, 590-592 [1969], *cert denied* 400 US 851 [1970]). Therefore, we reject defendant's claim that there was a continuing unlawful detention. We also conclude that defendant's confession to a detective and the subsequent videotaped statement were attenuated from any possible violation of *Payton v New York* (445 US 573 [1980]) that may have occurred at the apartment (*see Brown v Illinois*, 422 US 590, 602-604 [1975]; *People v Harris*, 77 NY2d 434 [1991]).

The trial court's supplemental instructions on an issue relating to the voluntariness of defendant's statements, when read as a whole and in the context of the court's original instruction, conveyed the appropriate principles of law and provided adequate guidance to the jury. Thus, even assuming without deciding that the issue of whether the People proved attenuation beyond a reasonable doubt is properly one for the jury, defendant's challenge to the supplemental instructions is unavailing.

Concur—Saxe, J.P., Catterson, McGuire, Moskowitz and Acosta, JJ.