■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS SORRENTINO, Appellant. [939 NYS2d 452]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered July 17, 2009, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress the fruits of an allegedly unlawful arrest. Defendant contends that New York police officers arrested him in New Jersey without statutory authorization, and in any event without following statutory procedures concerning arrests made in New Jersey by out-of-state officers. However, there is no basis for disturbing the hearing court's factual determination that, rather than being arrested in New Jersey, defendant voluntarily agreed to ac-

company the officers to New York for an interview in connection with an ongoing investigation (*see People v Morales*, 42 NY2d 129, 137-138 [1977], *cert denied* 434 US 1018 [1978]; *People v Ortiz*, 59 AD3d 350, 351 [2009], *lv denied* 12 NY3d 857 [2009]). The police did not engage in any conduct that could be considered an arrest until they arrived in New York. Furthermore, the hearing court also correctly determined that even assuming there was a violation of the statutory guidelines for interstate arrests, it would not warrant suppression of any evidence (*see People v Sampson*, 73 NY2d 908 [1989]).

The court properly denied defendant's motion to suppress historical cell site location information for calls made over his cell phone. The People properly obtained these records by court order under 18 USC § 2703 (d), and there was no violation of the Federal or State Constitutions (*see People v Hall*, 86 AD3d 450, 451 [2011]). In any event, the record also supports the court's finding of probable cause (*see generally Brinegar v United States*, 338 US 160, 175 [1949]; *People v Bigelow*, 66 NY2d 417, 423 [1985]). Thus, given the People's evidentiary showing, the order was effectively a warrant.

The court properly exercised its discretion in denying defendant's mistrial motion made after the medical examiner made a brief reference to opinion expressed by his colleagues. The offending testimony consisted, essentially, of a single use of the word "We" instead of "I." The court's proposed curative instruction would have sufficed, but defendant declined that remedy, insisting only on the unwarranted remedy of a mistrial (*see People v Santiago*, 52 NY2d 865 [1981]; *People v Young*, 48 NY2d 995 [1980]). In any event, the challenged testimony could not have caused any prejudice given the overwhelming evidence of defendant's guilt.

The court providently exercised its discretion in admitting the deceased's statements to his friends about his deteriorating relationship with defendant, including his intention to terminate the relationship and stay away from defendant (*see e.g. People v Kimes*, 37 AD3d 1, 17-19 [2006], *lv denied* 8 NY3d 881 [2007]; *People v Bierenbaum*, 301 AD2d 119, 144-146 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]; *People v Martinez*, 257 AD2d 410, 411 [1999], *lv denied* 93 NY2d 876 [1999]). In any event, any error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims. Concur—Saxe, J.P., Sweeny, Renwick, DeGrasse and Richter, JJ.