■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERICK HERNANDEZ, Appellant. [25 NYS3d 615]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered April 25, 2014, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence. The complainant's pretrial identification of the defendant from a photograph he discovered on social media through the use of his own smartphone was not the product of

a police-arranged procedure (*see Matter of Felix D.*, 30 AD3d 598, 599 [2006]; *Matter of Gabriel A.*, 12 AD3d 666, 667 [2004]).

Moreover, since the defendant did not join in the codefendants' request that the People be compelled to produce the complainant as a witness at the suppression hearing, his argument that the complainant should have been called at the hearing is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kelly*, 200 AD2d 440, 441 [1994]). In any event, the People were not required to call the complainant at the suppression hearing based on the defendant's speculative claim that the actions of a police witness somehow tainted the complainant's identification of him (*see People v Velez*, 39 AD3d 38, 44 [2007]; *People v Kidd*, 247 AD2d 269, 269 [1998]).

Finally, we note that on appeal we may not consider trial testimony in evaluating a suppression ruling (*see People v Jerry*, 126 AD3d 1001, 1002 [2015]). Balkin, J.P., Hall, Roman and Maltese, JJ., concur.