Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dwyer, J.), rendered November 8, 2013, convicting him of strangulation in the second degree, assault in the third degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
As the result of a domestic incident, the defendant was charged with and convicted of strangulation in the second degree, assault in the third degree, and criminal possession of a weapon in the third degree. The defendant contends that statements the complainant made to police officers at a station house were improperly admitted as excited utterances. Contrary to the People’s contention, this claim is preserved for appellate review (see CPL 470.05 [2]). “An out-of-court statement is properly admissible under the excited utterance exception when made under the stress of excitement caused by an external event, and not the product of studied reflection and possible fabrication” (People v Johnson, 1 NY3d 302, 306 [2003]). “The essential element of this hearsay exception is that the declarant spoke while under the stress or influence of the excitement caused by the event, so that his [or her] reflective capacity was stilled” (People v Cantave, 21 NY3d 374, 381 [2013] [internal quotation marks omitted]). Here, in light of the amount of time that elapsed between the incident and the statements, the complainant’s condition when she arrived at the station house, and her coherent narrative and responses to questions posed, it cannot be said that the complainant’s capac *1301 ity for reflection and deliberation remained stilled by the time she spoke to the police officers at the station house (see People v Johnson, 1 NY3d 302 [2003]). Accordingly, those statements were improperly admitted under the excited utterance exception to the hearsay rule. However, the error in admitting those statements was harmless in light of the overwhelming evidence of the defendant’s guilt without reference to the error and the absence of any significant probability that the error might have contributed to the defendant’s convictions (see People v Crimmins, 36 NY2d 230 [1975]).
The defendant’s contention that his constitutional right to confrontation was violated because the jury viewed unredacted medical records of the complainant is unpreserved for appellate review (see CPL 470.05 [2]). In any event, since the complainant testified at trial, there was no deprivation of the defendant’s constitutional right to confrontation (see Crawford v Washington, 541 US 36, 59 n 9 [2004]; People v Leon, 98 AD3d 1065 [2012]). Moreover, the objected-to portions of the unredacted medical records contained in social work assessment notes and in a social history, which made reference to ongoing domestic violence, were properly admitted as relevant to diagnosis and treatment (see People v Ortega, 15 NY3d 610 [2010]; People v Livrieri, 125 AD3d 579 [2015]; People v Pham, 118 AD3d 1159 [2014]; People v Greenlee, 70 AD3d 966 [2010]).
Contrary to the People’s contention, the defendant’s claim that an emergency room nurse was not qualified to give opinion testimony is preserved for appellate review (see CPL 470.05 [2]). However, contrary to the defendant’s contention, the nurse was properly qualified as an expert in the field of emergency medical care, and her testimony did not go beyond her training, education, knowledge, or experience (see People v Menendez, 50 AD3d 1061 [2008]; People v Lewis, 16 AD3d 173 [2005]).
The defendant’s claim that certain of the prosecutor’s summation remarks deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05 [2]). In any event, some of the challenged portions of the prosecutor’s summation were within the bounds of permissible comment, fair response to the defendant’s attack on the credibility of the complainant, fair comment on the evidence and the reasonable inferences to be drawn therefrom, or permissible rhetorical comment (see People v Halm, 81 NY2d 819 [1993]; People v Ashwal, 39 NY2d 105 [1976]; People v Ramrattan, 126 AD3d 1013 [2015]; People v Persaud, 98 AD3d 527 [2012]). The remaining challenged remarks, although improper, were not so flagrant or pervasive so as to deprive the defendant of a fair trial (see People v *1302 Persaud, 98 AD3d 527 [2012]; People v Rogers, 92 AD3d 903 [2012]; People v Banyan, 60 AD3d 861 [2009]; see also People v Wragg, 26 NY3d 403 [2015]).
The defendant’s contention that his conviction of strangulation in the second degree was not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of strangulation in the second degree beyond a reasonable doubt {see Penal Law § 121.12; People v Peterson, 118 AD3d 1151 [2014]; Matter of Jesse Z., 116 AD3d 1105 [2014]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence {see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of strangulation in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
A defendant is constitutionally entitled to the effective assistance of counsel (see People v Wright, 25 NY3d 769, 779 [2015] ). To establish ineffective assistance of counsel under the federal constitution, a “defendant must show that counsel’s performance was deficient,” and “that the deficient performance prejudiced the defense” (Strickland v Washington, 466 US 668, 687 [1984]). Under the New York Constitution, “[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met” (People v Baldi, 54 NY2d 137, 147 [1981]; see People v Wright, 25 NY3d at 779; see also People v Wragg, 26 NY3d 403 [2015]). Although that inquiry “focuses on the quality of the representation provided to the accused, the claim of ineffectiveness is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case” (People v Benevento, 91 NY2d 708, 714 [1998]; see People v Wright, 25 NY3d at 779). Here, viewing counsel’s representation in its totality, we conclude that the defendant was not deprived of the effective assistance of counsel (see People v Wragg, 26 NY3d 403 [2015]).
Mastro, J.P., Dillon, Miller and Barros, JJ., concur.