■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY PETTERSON, Appellant. [36 NYS3d 185]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered February 18, 2014, convicting him of robbery in the first degree (two counts), attempted robbery in the first degree, robbery in the second degree (two counts), attempted robbery in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A defendant is constitutionally entitled to the effective assistance of counsel (*see People v Wright*, 25 NY3d 769, 779 [2015]). To establish ineffective assistance of counsel under the federal constitution, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense" (*Strickland v Washington*, 466 US 668, 687 [1984]). Under the New York Constitution, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Wright*, 25 NY3d at 779; *see also People v Wragg*, 26 NY3d 403 [2015]). Although that inquiry "focuses on the quality of the representation provided to the accused, the claim of ineffectiveness is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case" (*People v Benevento*, 91 NY2d 708, 714 [1998]; *see People v Wright*, 25 NY3d at 779). Here, viewing counsel's representation in its totality, the defendant was not deprived of the effective assistance of counsel under either standard (*see People v Wragg*, 26 NY3d 403 [2015]; *People v Leach*, 137 AD3d 1300 [2016]).

The defendant's contention that the verdict was inconsistent is unpreserved for appellate review (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Satloff*, 56 NY2d 745, 746 [1982]). In any event, the defendant's acquittal of two counts of criminal possession of a weapon in the second degree with

respect to one complainant did not render inconsistent or repugnant his convictions of robbery in the first and second degree and criminal possession of stolen property in the fifth degree with respect to that complainant. The counts of criminal possession of a weapon in the second degree, as charged, contained elements not found in the robbery and possession of stolen property counts (*see People v Mabry*, 288 AD2d 326 [2001]; *People v Castillo*, 260 AD2d 643 [1999]). Eng, P.J., Roman, LaSalle and Barros, JJ., concur.