People v Vale (2019 NY Slip Op 07951)





People v Vale


2019 NY Slip Op 07951


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2013-08494
 (Ind. No. 12-00645)

[*1]The People of the State of New York, respondent,
v
Richard Vale, appellant.


Lisa H. Blitman, New York, NY, for appellant, and appellant pro se.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot, William C. Milaccio, and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Lester B. Adler, J.), rendered August 8, 2013, convicting him of burglary in the first degree (two counts), robbery in the first degree, attempted robbery in the first degree, attempted robbery in the second degree, criminal use of a firearm in the first degree, grand larceny in the third degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant contends that his postarrest statement to law enforcement officials should have been suppressed on the ground that he was lured into leaving his residence to enable the police to arrest him without an arrest warrant, in violation of Payton v New York (445 US 573). This contention is without merit. The police may use noncoercive means to lure a defendant outside his or her home to enable them to effect an arrest without a warrant (see People v Amador, 11 AD3d 473, 474; People v Robinson, 8 AD3d 131, 132; People v Williams, 222 AD2d 721, 721; People v Roe, 136 AD2d 140, 143, affd 73 NY2d 1004). Under the circumstances, the police conduct in this case was not coercive (see People v Samuel, 92 AD3d 466, 466; People v Manolis, 43 AD3d 830, 830).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645).
The defendant's contention that certain historical cell site location information and call detail records should have been suppressed is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit (see generally People v Clark, 171 AD3d 942, 943).
The defendant's challenges, raised in his main brief and his pro se supplemental brief, [*2]to various comments made by the prosecutor during the opening statement and summation are unpreserved for appellate review (see CPL 470.05[2]). In any event, the comments were either fair comment on the evidence and the reasonable inferences to be drawn therefrom, or responsive to defense counsel's summation (see People v Hogue, 166 AD3d 1009, 1011; People v Mairs, 157 AD3d 818, 820).
The defendant's contention, raised in his main brief and his pro se supplemental brief, that he was deprived of his constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109). Although the defendant made a pro se postconviction motion to vacate the judgment pursuant to CPL article 440, the issues raised in that motion are not properly before us, as the defendant was denied leave to appeal from the order denying that motion (see People v Lowe, 166 AD3d 901, 904; People v Williams, 156 AD3d 920, 921; People v Coleman, 125 AD3d 879, 881).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The remaining contentions raised by the defendant in his pro se supplemental brief are without merit.
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court