People v Hernandez (2020 NY Slip Op 04181)





People v Hernandez


2020 NY Slip Op 04181


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2018-07991
 (Ind. No. 918/17)

[*1]The People of the State of New York, respondent,
v
Rene A. Hernandez, appellant.


Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato and Thomas Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered May 3, 2018, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, inter alia, of the sexual abuse of the then nine-year-old complainant, who was a relative of the defendant's wife.
Prior to the trial, the People moved for permission to introduce evidence at the time of the trial of two alleged incidents of sexually inappropriate conduct by the defendant involving the same complainant. We agree with the Supreme Court's determination to grant the motion, since that evidence provided necessary background information about the nature of the relationship between the defendant and the complainant (see People v Durrant, 173 AD3d 890, 891; People v Duwe, 164 AD3d 1256, 1257; People v Khan, 88 AD3d 1014). Moreover, the probative value of the evidence outweighed any prejudice to the defendant (see People v Durrant, 173 AD3d at 891).
In addition, contrary to the defendant's contention, certain text messages and testimony regarding the complainant's outcry to her mother were properly admitted under the prompt outcry exception to the rule against hearsay (see People v McDaniel, 81 NY2d 10, 16-17; People v Gross, 172 AD3d 741, 743; People v Mandes, 168 AD3d 764, 765). In any event, any error in admitting this evidence was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Leach, 137 AD3d 1300, 1301).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court