People v Germosen (2021 NY Slip Op 04237)





People v Germosen


2021 NY Slip Op 04237


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-13717
 (Ind. No. 168/19)

[*1]The People of the State of New York, respondent,
v
Marcos Germosen, appellant.


Janet E. Sabel, New York, NY (David Crow and Jack G. Lerner of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, David Winkler, and Jason Eldridge of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered November 18, 2019, convicting him of assault in the third degree, criminal possession of a weapon in the second degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of assault in the third degree under count 1 of the indictment and criminal possession of a weapon in the second degree under count 4 of the indictment, and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on those counts of the indictment.
In connection with an alleged domestic violence incident, the defendant was charged with, among other things, assault in the third degree for striking and causing injury to the complainant, his girlfriend, and criminal possession of a weapon in the second degree for possessing a loaded pistol, which was recovered pursuant to the execution of a search warrant at the defendant's apartment. The complainant did not testify at trial. After the trial, the jury found the defendant guilty of assault in the third degree, criminal possession of a weapon in the second degree, and criminal possession of a controlled substance in the seventh degree.
The defendant contends that the Supreme Court erred in permitting the People to elicit testimony from two police officers on the content of certain hearsay statements made to them by the complainant when they encountered her at a deli a few hours after the alleged assault. Contrary to the People's contention, this claim is adequately preserved for appellate review (see CPL 470.05[2]; People v Leach, 137 AD3d 1300, 1300).
"An out-of-court statement is properly admissible under the excited utterance exception when made under the stress of excitement caused by an external event, and not the product of studied reflection and possible fabrication" (People v Johnson, 1 NY3d 302, 306; see People v Edwards, 47 NY2d 493, 496-497). "The essential element of this hearsay exception is that the declarant spoke while under the stress or influence of the excitement caused by the event, so that his [*2][or her] reflective capacity was stilled" (People v Cantave, 21 NY3d 374, 381 [internal quotation marks omitted]). "[T]he time for reflection is not measured in minutes or seconds, but rather is measured by facts" (People v Vasquez, 88 NY2d 561, 579 [internal quotation marks omitted]; see People v Johnson, 1 NY3d at 306). The proponent of the hearsay evidence bears the burden of establishing its admissibility under the excited utterance exception (see People v Cantave, 21 NY3d at 381).
Here, in light of the amount of time that elapsed between the incident and the statements (see People v Leach, 137 AD3d at 1300-1301; People v Firu, 69 Misc 3d 1, 6 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]), and the lack of evidence as to what transpired in the interim (see People v Morris, 189 AD3d 1077, 1079-1080), the People did not establish that the complainant's capacity for reflection and deliberation remained stilled by the time she spoke to the police officers at the deli (see People v Johnson, 1 NY3d at 307). Accordingly, the Supreme Court erred in admitting this testimony into evidence under the excited utterance exception to the rule against hearsay.
As to the defendant's convictions of assault in the third degree and criminal possession of a weapon in the second degree, this error cannot be deemed harmless because the proof of the defendant's guilt of those charges was less than overwhelming (see People v Crimmins, 36 NY2d 230, 237). As such, the defendant's convictions of assault in the third degree and criminal possession of a weapon in the second degree must be vacated, and a new trial ordered as to those charges (see id. at 237).
With respect to the defendant's conviction of criminal possession of a controlled substance in the seventh degree, however, we find that the error was harmless in light of the overwhelming evidence of the defendant's guilt of that charge, without reference to the error, and the absence of any significant probability that the error might have contributed to the defendant's conviction (see id.; People v Leach, 137 AD3d at 1301). For the same reasons, inasmuch as the defendant preserved for appellate review his contention that the Supreme Court erred in admitting into evidence under the business records exception to the rule against hearsay (see CPLR 4518[a]; CPL 60.10) certain case files of the Office of the Chief Medical Examiner of the City of New York pertaining to the DNA analyses conducted in this case, any error in this regard may be deemed harmless as to the conviction of criminal possession of a controlled substance in the seventh degree, to which the DNA evidence did not pertain, and of which the evidence of guilt was overwhelming (see People v Crimmins, 36 NY2d at 237).
In light of our determination, we need not reach the defendant's remaining contention.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court