People v Argueta-Guardado (2023 NY Slip Op 01305)

People v Argueta-Guardado

2023 NY Slip Op 01305

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-09485
 (Ind. No. 413/19)

[*1]The People of the State of New York, respondent,
v
Jacobo Argueta-Guardado, appellant.

Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Meaghan Powers, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered November 17, 2020, convicting him of rape in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Karen M. Wilutis, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of rape in the second degree and endangering the welfare of a child for engaging in sexual intercourse with a person less than 15 years old at the defendant's home in 2018.
Contrary to the defendant's contention, the County Court properly determined that his statements to law enforcement officials were made after he knowingly, voluntarily, and intelligently waived his Miranda rights twice (see Miranda v Arizona, 384 US 436; People v Cooke, 299 AD2d 419, 420). The evidence presented at the suppression hearing demonstrated that a detective read the Miranda rights in Spanish to the Spanish-speaking defendant, who confirmed that he understood the rights read to him (see People v Garcia, 199 AD3d 701, 702; People v Alvarenga, 190 AD3d 762, 762).
The defendant failed to preserve for appellate review his contention that his statements should have been suppressed because the police violated Payton v New York (445 US 573) when they orchestrated a ruse to enter his home, then lured him to the police station by claiming that there had been a motor vehicle accident and waited until after he waived his Miranda rights before informing him that he was being arrested for rape (see People v Buchannan, 181 AD3d 615, 616; People v Wright, 249 AD2d 570, 571). In any event, the contention is without merit. "The ruse employed by the police to acquire the consent to enter the home and to persuade the defendant to voluntarily accompany them to the police station was not so fundamentally unfair as to constitute a denial of due process" (People v Marquez, 302 AD2d 477, 478; see People v Amador, 11 AD3d 473, 474; People v Rosario, 186 AD2d 598, 598-599). Moreover, "[s]ince the defendant's arrest was effected outside of his home, . . . no Payton issue is presented" (People v Rosario, 186 AD2d at 598; [*2]see People v Roe, 73 NY2d 1004, 1006; People v Williams, 222 AD2d 721). In addition, "[t]o the extent that the police may have misled the defendant at some point during his detention, the police conduct complained of was not so fundamentally unfair as to have rendered the confessions involuntary or denied the defendant due process" (People v Bebeck, 258 AD2d 660, 660; see People v Gelin, 128 AD3d 717, 719). Contrary to the defendant's contention, "[b]efore questioning, the police were under no obligation to inform the defendant of the specific crime they were investigating" (People v Myers, 17 AD3d 699, 700).
The defendant's contention that the People violated People v Trowbridge (305 NY 471) is unpreserved for appellate review (see CPL 470.05[2]). In any event, the error in admitting a detective's testimony regarding the complainant's identification of the defendant was harmless, as the evidence of identity, including the defendant's inculpatory statements, was so strong that there is "'no substantial issue on the point'" (People v Crudup, 197 AD3d 656, 659, quoting People v Malloy, 22 NY2d 559, 567; see People v Marrero, 183 AD2d 728, 729).
The defendant failed to demonstrate that his attorney was ineffective in not moving to preclude unnoticed (see CPL 710.30) identification testimony that the complainant identified the defendant from a Facebook page and for failing to request a Wade hearing (see United States v Wade, 388 US 218) for a photo array identification procedure. Defense counsel cannot be deemed ineffective for failing to make an objection or motion that would have little chance of success (see People v Caban, 5 NY3d 143, 152). Here, "[t]he complainant's pretrial identification of the defendant from a photograph [s]he discovered on social media through the use of [her] own smartphone was not the product of a police-arranged procedure" (People v Hernandez, 136 AD3d 1055, 1055-1056; see People v Morales, 228 AD2d 704). Consequently, notice pursuant to CPL 710.30 was not required (see People v Williams, 81 AD3d 861, 862; People v Kershaw, 256 AD2d 590, 591). Further, under the circumstances, defense counsel reasonably could have concluded that a Wade hearing would have been futile (see People v Aroer, 172 AD3d 736, 736-737; People v Avent, 29 AD3d 601, 601).
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review, as his general motion to dismiss the indictment at the close of the People's case was not specifically directed at the deficiency now being argued (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Brown, 270 AD2d 496). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court