People v Lewis (2023 NY Slip Op 03708)

People v Lewis

2023 NY Slip Op 03708

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2018-13695
 (Ind. No. 996/17)

[*1]The People of the State of New York, respondent, 
v
Laquawn Lewis, appellant.

Patricia Pazner, New York, NY (David Fitzmaurice of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Michael Tadros of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered October 25, 2018, convicting him of robbery in the first degree, robbery in the second degree, assault in the first degree, assault in the second degree, and obstructing governmental administration in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of multiple counts of assault and robbery upon evidence that he engaged in an unprovoked attack of an individual outside of a grocery store in Astoria, Queens. The defendant was also convicted of obstructing governmental administration upon evidence of his subsequent refusal to be fingerprinted, thereby delaying the processing of his arrest.
Contrary to the defendant's contention, the Supreme Court did not deprive him of the right to self-representation. The defendant's requests to proceed pro se, which were made in the context of his claim of dissatisfaction with counsel, were not unequivocal (see People v Evans, 116 AD3d 879, 880; People v Jackson, 97 AD3d 693, 694; People v Scivolette, 40 AD3d 887, 887-888).
"The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review, as his general motion to dismiss the indictment at the close of the People's case was not specifically directed at the deficiency now being argued" (People v Argueta-Guardado, 214 AD3d 821, 823). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Based on the trial evidence, a rational trier of fact could have found, beyond a reasonable doubt, that the defendant beat and kicked the complainant until he was unconscious and forcibly stole money from him during the beating to support his convictions of the crimes of robbery in the first degree, assault in the first degree, robbery in the second degree, and assault in the second degree (Penal Law §§ 120.05[1]; 120.10[4]; 160.10[2][a]; 160.15[1]). The evidence of the complainant's injuries, which he sustained as a result of the beating at the hands of the defendant as corroborated by surveillance video, and which required a lengthy hospitalization, pain management, and the use of a breathing tube, was sufficient to establish that he sustained "serious physical injury" [*2](id. § 10.00[10]; see People v McGrier, 205 AD3d 431, 431; People v Seymore, 106 AD3d 1033, 1034). Moreover, the surveillance video depicted the defendant removing cash from the complainant during the course of the beating, establishing his intent to forcibly deprive the complainant of his property (see People v McNeil, 86 AD3d 650).
Additionally, the defendant's stated refusal to be fingerprinted, despite the repeated warnings from police that if he refused to comply, they would have to use force, which would delay the processing of his arrest and prevent them from carrying out their regular duties, along with evidence that the police were forced to obtain a court order allowing them to use force to fingerprint the defendant, if needed, to do so, established his intent to commit the crime of obstructing governmental administration in the second degree (Penal Law § 195.05; see Matter of Davan L., 91 NY2d 88, 91; People v Johnson, 195 AD3d 859, 860).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence.
The defendant's contention that his Sixth Amendment right to confrontation (see Davis v Washington, 547 US 813; Crawford v Washington, 541 US 36) was violated by the admission of the complainant's medical records is unpreserved for appellate review (see CPL 470.05[2]; People v Kello, 96 NY2d 740, 743-744; People v Leach, 137 AD3d 1300, 1301). In any event, the contention is without merit (see People v Leach, 137 AD3d at 1301; People v Harris, 129 AD3d 990, 991).
To the extent that the defendant contends that the Supreme Court penalized him for exercising his right to a trial, this contention is unpreserved for appellate review (see People v Hurley, 75 NY2d 887, 888; People v Moncayo, 195 AD3d 750, 750). In any event, "contrary to the defendant's contention, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is no indication that the defendant was punished for asserting his right to proceed to trial" (People v Davis, 27 AD3d 761, 762), since it is to be anticipated that sentences imposed after trial may be more severe than those proposed in connection with a plea (see People v Martinez, 26 NY3d 196, 200).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court